# IN THE SUPREME COURT OF IOWA

No. 17–1806

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**JON ARTHUR DIECKMANN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

A defendant appeals the judgment and sentence imposed following his attempted burglary in the second degree and possession of burglar's tools convictions. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Mary K. Conroy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Zachary Miller, Assistant Attorney General, Michael Walton, County Attorney, and Nathan L. Repp, Assistant County Attorney, for appellee.

**PER CURIAM.**

Jon Dieckmann appeals his conviction and sentence for attempted burglary in the second degree and possession of burglar's tools. He argues his counsel was ineffective on several grounds and the district court improperly assessed restitution for appellate attorney fees.

We transferred the case to the court of appeals. The court of appeals found his counsel was not ineffective for failing to challenge the sufficiency of the evidence. The court of appeals was unable to decide his other ineffective-assistance-of-counsel claims on the present record. Therefore, it affirmed Dieckmann's conviction. The court also found the district court did not err in assessing restitution for appellate attorney fees. Dieckmann asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding his ineffective-assistance-of-counsel claims. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Dieckmann's conviction.

As to Dieckmann's argument that the district court erred in ordering him to pay restitution in the form of appellate attorney fees without first determining his reasonable ability to pay those fees, we find the restitution part of his sentence regarding these fees should be vacated. In *State v. Albright*, ___ N.W.2d ___, ___ (Iowa 2019), filed after the court of appeals decision in this case, we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ___; *see also* Iowa Code § 910.2(1) (2019). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order.

*Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution of appellate attorney fees. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.